# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DEMOND COOK (#367617)**                                                    **CIVIL ACTION NO.**

**VERSUS**                                                                                 **23-576-SDD-EWD**

**HILLAR C. MOORE, ET AL.**

## ORDER

Before the Court is the "Civil Suit/1983," filed by Plaintiff Demond Cook ("Cook"), who is representing himself and who is confined at the David Wade Correctional Center in Homer, Louisiana.[1] Cook did not pay the required fee to file this case and did not file an application to file the case without paying the filing fee ("IFP"). Because three or more times since he has been incarcerated, Cook has brought actions or appeals in a federal court that have been dismissed as frivolous, malicious, or for failure to state a claim, and because he has not shown that he is at current risk of serious physical injury, he must pay the required filing fee for his case to continue.

Cook filed this case against Hillar C. Moore and William Morris ("Defendants") alleging that Defendants violated his constitutional rights through acts and omissions leading up to and during his state criminal trial.[2] 28 U.S.C. § 1915(g) provides that a prisoner who has accumulated three "strikes" while incarcerated is required to pay the filing fee for his suit to continue:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] R. Doc. 1
[2] R. Doc. 1.

While incarcerated, Cook has had the following cases dismissed by the federal courts as frivolous, malicious, or for failure to state a claim: *Demond F. Cook v. Sergeant Unknown Lamont, et al.* App. No. 13-30177, R. Docs. 43 (dismissing appeal as frivolous) and 45 (three strikes sanction warning) (5th Cir. 2013); *Demond Cook v. Wade Lamotte, et al.*, Civ. Action No. 14-428, R. Doc. 20 (M.D. La. 2015); *Demond F. Cook v. Wade T. Lamotte, et al.*, App. No. 15-30076, R. Doc. 37-2 (5th Cir. 2015) (also noting that Cook had accumulated three strikes and was barred from proceeding IFP unless he was in imminent danger of serious physical injury).

Even if he has three prior "strikes," an inmate may still qualify to file a new suit without prepaying the filing fee if he can show that he is at real, current risk of serious physical injury.[3] The imminent danger claimed by the inmate must not be speculative or hypothetical.[4] Also, allegations of past harm do not provide a basis to avoid the three-strikes rule,[5] and the possibility of serious injury at some uncertain time in the future is not the type of situation intended by the imminent danger exception. Rather, this "exception refers to a 'genuine emergency' where 'time is pressing.'"[6]

Nothing in his Complaint suggests that Cook is in danger of serious physical injury at all, much less imminent danger. Rather, Cook's allegations relate to his state criminal trial and do not implicate his physical well-being at all. Accordingly,

**IT IS ORDERED** that by no later than **January 29, 2024**, Plaintiff Demond Cook shall pay the $402.00 filing fee to the Clerk of this Court. The filing fee must be **paid in full** in a **single payment**. No partial payments will be accepted.

---

[3] 28 U.S.C. § 1915(g).
[4] *Davis v. Stephens*, No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).
[5] *Banos v. O'Guin*, 144 F.3d 883, 884–885 (5th Cir. 1998).
[6] *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (citations omitted).

**Failure to timely pay the Court's filing fee may result in the dismissal of this case without further notice from the Court.**

Signed in Baton Rouge, Louisiana, on January 8, 2024.

                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**